IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CAUSE NO. 1:19CR49-LG-JCG-2

ALBERT PAULINO LEAL

## ORDER DENYING MOTION TO DISMISS OR IN THE ALTERNATIVE TO UNSEAL GRAND JURY TRANSCRIPT

BEFORE THE COURT is the [47] Motion to Dismiss or in the Alternative to Unseal Grand Jury Transcript filed by Defendant Albert Paulino Leal. The Motion argues that the charges[1] against Leal should be dismissed because the testimony given by Agent Lee Robinson at Leal's detention hearing – in which the agent spoke to the content of recorded conversations to which Leal was a party – is not an accurate reflection of the communications between Leal and a confidential informant. Leal contends that the recordings do not reflect him even once agreeing to accept drugs in exchange for his vehicle, contrary to the agent's hearing testimony. Alternatively, Leal argues the transcript of the Grand Jury hearing that led to his indictment should be unsealed.

The Government filed a Response in Opposition, which states (1) that the Government has since provided to Leal's counsel the grand jury transcript, (2) the

---

[1] Defendant was initially arrested on the basis of a criminal complaint charging him with conspiracy to possess with intent to distribute 500 grams or more of cocaine. He was later indicted on one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and one count of aiding and abetting his co-defendant's possession with intent to distribute 5 kilograms or more of cocaine.

Government only became aware of the audio and video recording of the supposed meeting between Leal and the confidential informant during which Leal exchanges an automobile for drugs on June 14, 2019 and promptly made the recording available to Leal's counsel, and (3) that the evidence has no bearing on the facial validity of an indictment. Because the Government turned over the grand jury transcript to Leal counsel's, Leal's request to unseal the transcript is now moot.

The Court turns next to Leal's argument for dismissal. "The propriety of granting a motion to dismiss an indictment . . . is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Guthrie*, 720 F. App'x 199, 201 (5th Cir.), *cert. denied,* 138 S. Ct. 2590 (2018) (quoting *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011)). Thus, "the indictment is to be tested not by the truth of its allegations but 'by its sufficiency to charge an offense' . . . since the allegations contained in the indictment must be taken as true." *United States v. Mann*, 517 F.2d 259, 266 (5th Cir. 1975) (quoting *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). "A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial of the charge on the merits." *Id.* (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)). Leal's motion to dismiss the indictment is based solely on asserted factual infirmities. He may contest these criminal charges at trial. His request to dismiss the indictment is therefore denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [47] Motion to Dismiss or in the Alternative to Unseal Grand Jury Transcript filed by Defendant Albert Paulino Leal is **DENIED**.  Insofar as his motion seeks to unseal the grand jury transcript, that request is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 2nd day of July, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE